

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YISRAEL BARON

                              Petitioner,                  Case. No. CV 18-4321

-against-

CHANA SHALMONI BARON

                              Respondent.
-----------------------------------------------------------------X

Judge ALLYNE R. ROSS, U.S.D.J

      WHEREAS Petitioner has submitted a Petition in the matter captioned above seeking an order directing return of the parties' minor children, (BZB; born July 2015, and AB born August 2016; hereinafter "the children") to Israel in accordance with the Hague Convention on the Civil Aspects of International Child Abduction ("the Hague Convention") and its implementing legislation, 22 U.S.C. 9002 et seq.; and

      WHEREAS the country of habitual residence of the children, as this term is used in the Hague Convention is Israel; and

      WHEREAS the "home state" of the children as used in the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) is Israel; and

      WHEREAS the parties intend for Israel to continue to be the children's country of habitual residence at least until such time as the children have returned to Israel pursuant to this stipulation; and

WHEREAS Respondent has waived any defenses she may have otherwise raised pursuant to the Hague Convention solely pertaining to this proceeding; and

WHEREAS the Court has ordered certain restrictions on the movement of Respondent and the children pending resolution of this matter, and ordered that the Respondent and the children's passports be deposited with the Clerk of Court, all as set forth in its order of July 31, 2018; and

WHEREAS Respondent acknowledges that as a matter of law the children must be returned to their home in Israel, but states that for certain medical reasons of her own she wishes to delay the return until a time that will be no later than January 24, 2019; and

WHEREAS the parties desire to avoid the additional costs involved in litigating this matter of the delay;

NOW, THEREFORE the parties hereto stipulate and the Court ORDERS as follows:

The preamble to this agreement and order is an integral part hereof.

Respondent shall return the children to Israel, leaving for Israel no later than the 24th day of January, 2019, unless international air travel is suspended due to a force majeure, in which case the children shall be returned to Israel immediately when air travel to Israel resumes ("The Return Date").

Respondent shall provide Petitioner with the flight itinerary for herself and the children at least 5 days prior to their departure from New York and Respondent shall return with the children to the address: Shalom Yehuda 18, apt 12, Jerusalem, Israel, upon their arrival in Israel.

Respondent shall be responsible for travel costs of the children in connection with this stipulation.

Respondent and the children's passports will not be released to Respondent by the Clerk of Court until such time as Petitioner's attorney has confirmed his receipt of the flight itinerary.

If Respondent does not return the children to Israel on or before the Return Date, Petitioner is authorized to take the children there himself, and the United States Marshal's Service is instructed to assist him in obtaining physical custody of the children for this purpose. In this instance Respondent shall also be responsible for Petitioner's travel expenses.

If Respondent does not return the children to Israel on or before the Return Date, Petitioner is also authorized to request and receive any travel documents necessary for the children's travel without Respondent's consent.

Pursuant to Article 19 of the Hague Convention this Stipulation and Order shall not be taken to be a determination on the merits of any custody issue.

The parties agree, and the court determines, that the children's continued presence in the United States is merely a temporary absence from Israel, and shall in no sense alter or affect Israel's status as the children's home, and as their country of habitual residence and or home state as these terms are used in the Hague Convention and the UCCJEA.

The parties each waive counsel fee from the other.

This stipulation may be signed in counterparts. Facsimile signatures shall be deemed the equivalent of originals.

The parties shall submit this Stipulation to the Court for entry of judgment in accordance therewith.

Dated: August 27, 2018

| | |
|---|---|
| _____ | *C. Ban* (signature) |
| YISRAEL BARON | CHANA SHALMONI BARON |

STATE OF NEW YORK )
COUNTY OF          )

On this 20th day of August, 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared CHANA SHALMONI BARON personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

ELIAS KAPELUSCHNIK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01KA6359720
Qualified In Kings County
My Commission Expires 06-05-2021

STATE OF NEW YORK )
COUNTY OF          )

On this _____ day of _____, 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared YISRAEL BARON personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

SO ORDERED.

Dated: Brooklyn, New York
       August___ , 2018

-4-

_____  _____
YISRAEL BARON                    CHANA SHALMONI BARON

STATE OF NEW YORK   )
COUNTY OF           )

On this ____ day of _____, 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared CHANA SHALMONI BARON personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity and that by her signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

CITY OF JERUSALEM
EMBASSY OF THE ~~NEW YORK~~   )
UNITED STATES OF AMERICA      )
~~COUNTY OF~~

On this 27th day of August, 2018, before me, the undersigned, a Notary Public in and for said State, personally appeared YISRAEL BARON personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC STACI DAWSON
VICE CONSUL OF THE
UNITED STATES OF AMERICA

SO ORDERED.

Dated: Brooklyn, New York
       August___, 2018

-4-

JUDGE ALLYNE R. ROSS, U.S.D.J.